[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 26, 2010
JOHN LEY
CLERK

No. 09-14848
Non-Argument Calendar

_____

D. C. Docket No. 07-00279-CR-CAP-38-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL MAGANA-SAGRERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 26, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Manuel Magana-Sagrero appeals his conviction for conspiracy to possess

with intent to distribute at least 5 kilograms of cocaine. 21 U.S.C. §§ 841(b)(1)(A)(ii), 846. Magana-Sagrero also was convicted of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), being an alien in unlawful possession of a firearm, id. §§ 922(g)(5), 924(a)(2), and conspiracy to launder money, id. § 1956, but he does not challenge these convictions. Magana-Sagrero argues for the first time on appeal that the evidence is insufficient to support his conviction for conspiracy. We affirm.

When a defendant fails to move for a judgment of acquittal, "'we may reverse the conviction only to prevent a manifest miscarriage of justice.'" United States v. Tagg, 572 F.3d 1320, 1323 (11th Cir. 2009) (quoting United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002)). To satisfy this standard, we must "find that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." Id. (quoting Bender). Magana-Sagrero cannot satisfy this standard.

To establish that Magana-Sagrero was guilty, the government was required to "prove beyond a reasonable doubt that: 1) an illegal agreement existed to possess with the intent to distribute cocaine; 2) [Magana-Sagrero] knew of this agreement; and 3) [Magana-Sagrero] knowingly and voluntarily joined the agreement." United States v. Charles, 313 F.3d 1278, 1284 (11th Cir. 2002).

2

Magana-Sagrero argues that the government proved he was "involved with the [drug] proceeds" but failed to establish that he possessed cocaine with intent to distribute. We disagree.

The government introduced ample evidence from which a jury could have found that Magana-Sagrero conspired to possess with intent to distribute cocaine. The evidence established that Magana-Sagrero knew of the conspiracy and made deliveries of cash and drugs on behalf of the drug organization. In 1991 and 1997, Magana-Sagrero was convicted of the "possession or purchase for sale of narcotics." Later, agents of the Drug Enforcement Agency discovered that Magana-Sagrero worked for Jose Tapia-Corneso, also known as "Tigre," who was a mid-level distributor in a large-scale drug organization. On at least five occasions, Magana-Sagrero delivered for Tigre suitcases that contained between $150,000 and $500,000. In October 2007, an agent observed an unidentified Hispanic man, who was driving a gold Nissan Sentra, arrive at a residence in Fairburn, Georgia, ostensibly to deliver cocaine to a confidential informant. The Hispanic man walked into and left the residence in a manner that suggested he was carrying a package. On November 20, 2007, another agent observed the same gold Nissan Sentra arrive at a residence on Harbin's Ridge Way in Lawrenceville, Georgia, ostensibly to collect 20 kilograms of cocaine from another member of the

conspiracy who drove a red Ford Sport Truck. After the truck left the residence, agents followed the Nissan Sentra to a car wash, where an agent was able to identify the driver as Magana-Sagrero. Agents recorded telephone conversations between Angel Haro Perez, a leader of the drug conspiracy, and Tigre about the timing of the delivery and receipt of cocaine at the Harbin's Ridge residence, and agents later seized a ledger stating that Tigre received 20 kilograms of cocaine on November 20, 2007.

Physical evidence also tied Magana-Sagrero to the conspiracy. In December 2007, agents searched the Harbin's Ridge residence and discovered a table and knife with white residue and drug-processing equipment, including devices used to press and package cocaine. Agents installed a global positioning device on the gold Nissan Sentra and tracked the vehicle to a home on Luther Way in Lawrenceville, Georgia, where Magana-Sagrero answered the door and consented to a search of the residence. Agents discovered on the property two firearms, two ledgers, a lease in Magana-Sagrero's name for a residence on Clinton Place in Lawrenceville, two receipts for rent for the residence on Clinton Place, a garage door opener for that residence, and four cellular telephones. One of the cellular telephones listed the name "Tigre" in its contacts list and ascribed to that name a number that Tigre had used in his conversations with Perez. Agents later obtained

4

a warrant to search the residence on Clinton Place and discovered devices used to package cocaine, cellophane wrap, a digital scale, latex gloves, and colored sheathes to affix to keys to identify locations by color instead of by address.

Magana-Sagrero has not established that upholding his conviction would result in a miscarriage of justice. Reasonable jurors have found that Magana-Sagrero joined the conspiracy. We affirm Magana-Sagrero's conviction for conspiracy to possess with intent to distribute at least 5 kilograms of cocaine.

Magana-Sagrero's conviction is **AFFIRMED**.